[Civ. No. 46280. Second Dist., Div. Two. Jan. 28, 1976.]

MARY RENNER MUNDT et al., Plaintiffs and Respondents, v.
THE STATE OF CALIFORNIA,
Defendant and Appellant.

COUNSEL

Evelle J. Younger, Attorney General, and James M. Cordi, Deputy Attorney General, for Defendant and Appellant.

Arthur L. Martin and Phil H. Curry for Plaintiffs and Respondents.

OPINION

ROTH, P. J.—On April 30, 1967, George Renner (decedent) died intestate and on September 15, 1969, an order settling final account in P-524093 (Renner estate) recited ". . . the heirs-at-law of said deceased are unknown . . . " and provided, " . . . property . . . whether described herein or not, . . . is distributed to the State of California . . . ." (Escheat order.)

On November 6, 1974, pursuant to a petition therefor filed on July 20, 1971, by respondents as next of kin of decedent under section 1355 of the Code of Civil Procedure and section 1027 of the Probate Code, the court ordered the state to return the escheated property to respondents. State appeals.

The stipulated facts show that: Andrew and Paul Renner are brothers of decedent; respondents are the first cousins of decedent, and respondents have no documentary proof of the alleged death of Andrew and Paul. Respondents concede that if the two brothers Andrew and Paul were alive they would take the entire estate.

The pertinent findings of fact are: " . . . decedent . . . never married, had no lineal descendants but had several siblings. . . . all said siblings, save two brothers, were deceased prior to the date of death of decedent."

The trial court concluded: "1. Petitioners are entitled to recover from the State of California the funds deposited with the State of California from the Estate of George Renner, Deceased, unless persons more closely related to decedent than petitioners shall file a claim or claims against said funds on or before September 16, 1974. 2. The evidence adduced at the trial does not show whether or not the two brothers of the decedent are living. However, if alive, the brothers' failure to appear or file a claim to the estate before September 16, 1974 entitles petitioners, as

cousins of the decedent and next in line to succeed after the brothers, to recover the estate . . . from the controller of the State of California."

State contends that unless the brothers are proved to be dead, they are the heirs at law of decedent, and as such are the only persons entitled to claim his estate within the five-year period provided by Probate Code section 1027.[1]

■ An ordinary probate proceeding which meets all legal requirements and involves no escheat is an in rem proceeding. Final orders made in such proceedings are binding on all parties known or unknown. (*Estate of Radovich* (1957) 48 Cal.2d 116 [308 P.2d 14].) ■ However, when the heirs are unknown at the time of distribution, a special procedure under section 1027 is set up to preserve the rights of the heirs. In a 1027 procedure the heirs are *not* bound by the initial distribution to the state, but have five years to come forward and claim the property. Therefore, decedent's brothers had the right to appear at any time within the five years and reclaim the escheated estate. Since neither of the brothers did appear, respondents as those persons next entitled to succeed have the right to claim the estate.

■ We find nothing in the escheat statutes which requires one set of claiming heirs to prove that other heirs are dead or otherwise incapacitated. Respondents need only prove to the satisfaction of the trial court that the prior heirs were never married and have no descendants, and that respondents do not know the whereabouts of the prior heirs.

State argues that decedent's estate vested in his surviving brothers immediately after his death; that no act by the brothers was required to perfect title; and that their failure to claim the estate did not, nor would a renunciation of their rights, divest them of title. (*Estate of Meyer* (1951) 107 Cal.App.2d 799, 810 [238 P.2d 597].) State further argues that

---

[1] Section 1027 provides in part: " . . . If the court . . . does not distribute the entire balance of the estate . . . to known heirs, devisees or legatees entitled to succeed thereto, it must distribute to the State of California that portion of such estate not distributed to such known heirs, devisees or legatees. . . .

"The property so distributed shall be held by the State Treasurer for a period of five years from the date of the decree making such distribution, within which time any person may claim the estate or any part thereof. . . .

"Any person who does not appear and claim . . . shall be forever barred, and such property or so much thereof as is not claimed, shall vest absolutely in the State."

Therefore, under section 1027 unknown heirs have five years to file a claim before the property permanently escheats. In the case at bench the five-year period ended on September 15, 1974, and no claim had been filed by the missing brothers.

Probate Code sections 1060 and 1027 distinguish between known heirs whose location is unknown and unknown heirs.[2]

■ In the case at bench, state claims that the brothers must be considered "known" heirs. This argument disregards the language of the escheat order which specifically recited " . . . the heirs-at-law of said deceased *are unknown* . . . ." [Italics added.] Knowledge of the two brothers and lack of knowledge as to their whereabouts or their respective states of health was not brought home to the court until the petition at bench was filed by respondents.

It appears therefore that the escheat order was properly entered in accordance with the provisions of section 1027 of the Probate Code. The relief granted to respondents is equitably proper and legally correct in all respects.

The judgment is affirmed.

Compton, J., and Beach, J., concurred.

---

[2]Under Probate Code section 1060, when property is to be distributed to one who is known but cannot be found, "the executor . . . may deposit the money, in the name of the . . . distributee, with the county treasurer . . . ." Such property is held by the county treasurer until " * * * the next county settlement following the expiration of one year from the date of its deposit . . . ." (Code Civ. Proc., § 1444.) The Attorney General then brings an action under Code of Civil Procedure section 1410 to vest title by escheat to the state, and the property becomes permanently escheated five years after entry of judgment by the Attorney General.